**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (if known): _____ Chapter 15

☐ Check if this is an amended filing

## Official Form 401
# Chapter 15 Petition for Recognition of a Foreign Proceeding     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | Avanti Communications Group plc |

**2. Debtor's unique identifier**

For non-individual debtors:

☐ Federal Employer Identification Number (EIN)   __ __ – __ __ __ __ __ __ __

☑ Other 06133927 . Describe identifier   Registration Number

For individual debtors:

☐ Social Security number:   xxx – xx– __ __ __ __

☐ Individual Taxpayer Identification number (ITIN):  9 xx – xx – __ __ __ __

☐ Other _____ . Describe identifier _____

**3. Name of foreign representative(s)**    Patrick Willcocks

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**    High Court of Justice of England and Wales (Part 26 of Companies Act of 2006)

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

| Debtor | Avanti Communications Group plc | | Case number (if known) | |
| | Name | | | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

Country where the debtor has the center of its main interests:

United Kingdom

Debtor's registered office:

Cobham House
Number        Street

20 Black Friars Lane
P.O. Box

London, EC4V 6EB
City              State/Province/Region      ZIP/Postal Code

United Kingdom
Country

Individual debtor's habitual residence:

N/A
Number        Street

P.O. Box

City            State/Province/Region      ZIP/Postal Code

Country

Address of foreign representative(s):

Cobham House
Number        Street

20 Black Friars Lane
P.O. Box

London, EC4V 6EB
City              State/Province/Region      ZIP/Postal Code

United Kingdom
Country

**10. Debtor's website (URL)**

www.avantiplc.com

**11. Type of debtor**

Check one:

☑ Non-individual (check one):

　☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

　❑ Partnership

　❑ Other.  Specify:  See Willcock's Declaration for Ownership Statement

❑ Individual

Debtor    Avanti Communications Group plc                                    Case number *(if known)* _____
          Name

---

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

✖ /s/ Patrick Willcocks                              Patrick Willcocks
Signature of foreign representative                   Printed name

Executed on    02/21/2018
               MM / DD / YYYY

✖ _(signature)_                                      _____
Signature of foreign representative                   Printed name

Executed on    02/21/2018
               MM / DD / YYYY

**14. Signature of attorney**

✖ /s/ Craig Price, Esq.                     Date   02/21/18
Signature of Attorney for foreign representative      MM / DD / YYYY

Craig Price
Printed name

Milbank Tweed Hadley & McCloy LLP
Firm name

28 Liberty Street
Number      Street

New York                                    NY      10005
City                                        State   ZIP Code

(212) 530-5000                              cprice@milbank.com
Contact phone                               Email address

3894268                                     NY
Bar number                                  State

---

*CB*
*(9-1-18)*

**IN THE HIGH COURT OF JUSTICE**                    **Claim No. CR-2018-001278**

**CHANCERY DIVISION**

**COMPANIES COURT**


**THE HONOURABLE MR JUSTICE BIRSS**


**19 February 2018**

**IN THE MATTER OF**


**AVANTI COMMUNICATIONS GROUP PLC**

**AND**

**1 9 FEB 2018**

**THE COMPANIES ACT 2006**


---
**CONVENING ORDER**
---


**UPON THE APPLICATION OF** Avanti Communications Group Plc (the "**Company**") by a Part 8 Claim Form dated 14 February 2018 (the "**Application**")

**AND UPON HEARING** William Trower QC and Adam Al-Attar for the Company

**AND UPON READING** the Part 8 Claim Form and the Witness Statement of Nigel Fox and the exhibits thereto

**AND UPON READING** the proposed scheme of arrangement (the "**Scheme**") and the proposed explanatory statement in relation thereto pursuant to section 897 of the Companies Act 2006 (the "**Explanatory Statement**")

**AND UPON** the Court adopting in this Order, save where terms are otherwise expressly defined, the abbreviations, words and phrases contained in the Explanatory Statement and the Scheme

**IT IS ORDERED** that:

1.    The Company be at liberty to convene a meeting of the Scheme Creditors (the "**Scheme Meeting**") for the purpose of considering and, if thought fit, approving (with or without modification) the scheme of arrangement (the "**Scheme**") pursuant to Part 26 of the Act proposed to be made between the Company and the Scheme Creditors.

2. The Scheme Meeting shall be held at 10.00 a.m. London time on 20 March 2018 (or such other time or date as the Company may decide) at the offices of Milbank, Tweed, Hadley & McCloy LLP, 10 Gresham Street, London, EC2V 7JD (or if such venue is not available, such other suitable venue in central London as the directors of the Company may select).

3. Nigel Fox or, if for any reason he is unable to act, Nick Angel, be appointed to act as chairman of the Scheme Meeting (and any adjournment thereof) (the "**Chairman**") and be directed to report the result of the Scheme Meeting to the Court.

4. The Chairman shall first give an introductory address outlining the main terms of the Scheme proposed in respect of the Company, the method of voting at the Scheme Meeting and any other appropriate matters, following which the Chairman shall open the Scheme Meeting for the purpose of allowing Scheme Creditors to vote on the Scheme. Following the taking of the vote in the Scheme Meeting, the Chairman shall conclude the Scheme Meeting, give a closing address and close the Scheme Meeting.

5. At least 28 clear days before the day appointed for the Scheme Meeting, copies of the following documents will be made available to all Scheme Creditors:

    (a) the Explanatory Statement in accordance with section 897 of the Act;

    (b) the terms of the Scheme;

    (c) a notice convening the Scheme Meeting (the "**Notice**"); and

    (d) an account holder letter, including guidance notes for the completion thereof,

    (together, the "**Scheme Documents**"), in each case, in substantially the form as initialled by Mr Justice Birss on the date of this order subject to completion of blanks, correction of typographical errors and such minor or immaterial modifications as Milbank may advise. The Scheme Documents shall be made available to Scheme Creditors by sending such documents and a notice directing Scheme Creditors to the Scheme Website (https://sites.dfkingltd.com/avanti) maintained by D.F. King (the "**Information and Tabulation Agent**"). The documents will also be posted on the Scheme Website and the Information and Tabulation Agent will email the notice directing Scheme Creditors to the Scheme Website to each DTC Participant the Information and Tabulation Agent is aware of.

6. Until the date of the Scheme Meeting, hard copies of the Scheme Documents shall also be made available free of charge to any of the Scheme Creditors upon request to Milbank (reference Avanti, +44 207 615 3000, avanti@milbank.com).

7. Unless the Court orders otherwise, the accidental omission to serve any Scheme Creditor with notice of the Scheme Meeting or the non-receipt of notice of the Scheme Meeting by any Scheme Creditor shall not invalidate the proceedings at the Scheme Meeting.

8. In order to vote on the Scheme by proxy, Scheme Creditors are requested to liaise with their Account Holder to ensure that a validly completed Account Holder Letter is delivered to the Information and Tabulation Agent in accordance with the terms set out therein as soon as possible after the Record Time (being 5.00 p.m. New York time on 12

March 2018) and in any event to be received no later than the Voting Submission Deadline (being 5.00 p.m. New York time on 16 March 2018).

9. If the Scheme Creditor or its representative is attending the Scheme Meeting to vote in person, it must either hand in a validly completed Account Holder Letter at the registration desk prior to the commencement of the Scheme Meeting, or otherwise provide satisfactory evidence to the Chairman and Information and Tabulation Agent at or in advance of the Scheme Meeting of (a) the principal amount of 2023 Notes held by that Scheme Creditor at the Record Time; (b) the Scheme Creditor's entitlement to vote; and (c) the Scheme Creditor's representative's identity and authority to represent the Scheme Creditor at the Scheme Meeting.

10. The Chairman be at liberty for any reason and without the consent of the Scheme Creditors to adjourn the Scheme Meeting from time to time to the same or another place in London, and to such date and time, by notice to the Scheme Creditors in the same manner as notice was given to them of the information referred to in paragraph 5.

11. The Chairman be entitled to rely on the signatures on the Account Holder Letters as a warranty that the signatory has been duly authorised by the relevant Scheme Creditor to sign the Account Holder Letter on behalf of that Scheme Creditor.

12. The Chairman be at liberty to accept an otherwise incomplete or late Account Holder Letter at his discretion after the Voting Submission Deadline, provided that any such Account Holder Letter is received before he closes the relevant Scheme Meeting.

13. Any person appointed as proxy for a Scheme Creditor may attend and speak at the Scheme Meeting.

14. If a Scheme Creditor attends the Scheme Meeting to vote in person after having nominated a proxy in its Account Holder Letter to vote on its behalf, the appointment of that Scheme Creditor's proxy will be automatically revoked.

15. The Voting Value of a Scheme Creditor for voting purposes at the Scheme Meeting shall be based on the principal amount of 2023 Notes held by that Scheme Creditor as at the Record Time (being 5.00 p.m. New York time on 12 March 2018).

16. The Chairman be at liberty to permit the attendance of persons who are not otherwise entitled to attend and vote at the Scheme Meeting as observers, unless an objection is taken by a Scheme Creditor entitled to attend and vote at the Scheme Meeting, provided that such a person shall not be entitled to speak at the Scheme Meeting without the permission of the Chairman.

17. The Chairman may, for voting purposes, reject the Voting Value of a Scheme Creditor if he considers that it does not constitute a fair and reasonable assessment of the relevant sums owed to the relevant Scheme Creditor, or if the relevant Scheme Creditor has not complied with the applicable Account Holder Letter procedures or instructions or any undertaking given, including by reference to information confidentially provided to the Company by the relevant Scheme Creditor.

18.    The Chairman shall have the discretion to accept the Voting Value in respect of which a Scheme Creditor seeks to vote, in whole or in part, notwithstanding failure by such Scheme Creditor to comply with the requirements contained in the Account Holder Letter, if sufficient information has been provided in the Account Holder Letter or by some other means to enable the Chairman to determine that the Voting Value asserted by the Scheme Creditor is a reasonable assessment of the amounts outstanding to such Scheme Creditor.

19.    If a Scheme Creditor's Voting Value is disputed (in part) but the Chairman of the relevant Scheme Meeting is able to establish a minimum Voting Value for that Scheme Creditor, the Chairman will admit that minimum Voting Value.

20.    If a scheme claim is disputed in its entirety, that claim will be marked "objected to" and, at the Chairman's discretion, will be permitted to vote.

21.    The Chairman be directed to file a report on the Scheme Meeting voting results at least two Business Days prior to the hearing of any application for sanction of the Scheme (assuming the requisite majority is obtained at the Scheme Meeting).

22.    Patrick Willcocks, who was appointed by the Board of the Company on 14 February 2018 to serve as foreign representative in any proceedings under chapter 15 of the United States Bankruptcy Code, or if for any reason he is unable to act, such other appropriate person selected by the Board of the Company, is authorised to act as foreign representative in any proceedings under chapter 15 of the United States Bankruptcy Code in relation to the Scheme.

23.    The Chairman shall have permission to apply for such further direction in this matter as he may consider necessary or appropriate.

24.    The Part 8 Claim Form be adjourned generally with liberty to the Company to restore it.

25.    If the Scheme is approved at the Scheme Meeting by the required statutory majority, the Part 8 Claim Form shall be restored and a further Court hearing at which the Claimants shall seek the sanction of the Court for the Scheme shall be listed on or around 26 March 2018.

26.    That this Order be served by the Company.

**AND IT IS FURTHER ORDERED** that:

27.    There be liberty to apply for such further directions in this matter as may be necessary or appropriate.

Dated:        19 February 2018

**Service of this Order**

The Court has provided a sealed copy of this Order to the serving party:

Milbank, Tweed, Hadley & McCloy LLP, 10 Gresham Street, London, EC2V 7JD
Ref: SS / NA
Tel: + 44 (0) 20 7615 3000

**IN THE HIGH COURT OF JUSTICE
CHANCERY DIVISION
COMPANIES COURT**

**Claim No. CR-2018-001278**

**Before the Honourable Mr Justice Birss**

**19 February 2018**

**IN THE MATTER OF AVANTI
COMMUNICATIONS GROUP PLC
AND
THE COMPANIES ACT 2006**

**CONVENING ORDER**

**Milbank, Tweed, Hadley & McCloy LLP**

10 Gresham Street
London EC2V 7JD

Tel: + 44 (0) 20 7615 3000

Ref: SS / NJA

**Solicitors for the Company**